# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| VALMONT INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY DEMAND |
| BETTER METAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Valmont Industries, Inc. ("**Valmont**" or "**Plaintiff**") for its Complaint against Defendant Better Metal, LLC ("**Better Metal**" or "**Defendant**"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of U.S. Patent No. 11,274,435 ("**the '435 Patent**") ("**the '435 Patent**") arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, from Defendant's unauthorized manufacture, use, offer for sale, sale, and/or importation into the United States of devices that infringe one or more claims of the '435 Patent. As set forth herein, Plaintiff brings this action to recover all damages associated with Defendant's infringement of the '435 Patent, including Plaintiff's attorneys' fees and costs, and to enjoin Defendant from infringing the '435 Patent.

## PARTIES

2.      Plaintiff is a Delaware corporation with a principal place of business at 15000 Valmont Plaza, Omaha, NE 68154.

3.      Defendant is a Tennessee limited liability company with a principal place of business at 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant. Defendant has a principal place of business in this district at 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 and Defendant has committed the wrongful acts alleged herein in the Middle District of Tennessee, including offering for sale and selling devices that infringe the '435 Patent from its 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 location.

7.      Venue is also proper in the Middle District of Tennessee under 28 U.S.C. § 1391 and 1400(b). As set forth above, Defendant has a principal place of business in this district at 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 and Defendant has committed the wrongful acts alleged herein in the Middle District of Tennessee, including offering for sale and selling devices that infringe the '435 Patent from its 16776 Old Nashville Hwy, Murfreesboro, TN 37129-8400 location. Thus, a substantial part of the events giving rise to Plaintiff's patent infringement claim occurred in Middle District of Tennessee.

## PLAINTIFF AND THE VALMONT PATENTS

8.    Plaintiff is a Delaware corporation headquartered in Omaha, Nebraska that, *inter alia*, engineers, manufactures and sells a broad range of wireless site components under the *Site Pro 1* brand.

9.    Plaintiff's mission is to develop and deliver innovative solutions that help its customers achieve faster site approval and improved wireless network performance.

10.    In connection with its mission, Plaintiff has developed valuable intellectual property rights, including the '435 Patent.

11.    On March 15, 2022, the United States Patent and Trademark Office ("**USPTO**") duly and legally issued the '435 Patent, entitled "Bolt Calibrated Angle Mainstay For Wall Connection System And Method For Use" after a full and fair examination. A true and correct copy of the '435 Patent is attached as **Exhibit 1**.

12.    Plaintiff owns the entire right, title, and interest in and to the '435 Patent, possesses the right to sue for infringement of the '435 Patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

## DEFENDANT'S INFRINGING PRODUCTS

13.    Upon information and belief, Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States the BVM-U (drawings attached as **Exhibit 2**) products (collectively the "**Accused Product**") that infringe the '435 Patent.

14.    On information and belief, the Accused Product infringes at least Claim 1 of the '435 Patent, as alleged in the following paragraphs.  The following allegations are illustrative and are provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting.  Plaintiff will serve infringement contentions in this case in accordance with the Local Rules and the case schedule entered by the Court.

## Claim 1 of the '435 Patent

15.     The exemplary Accused Product comprises an upper bracket element, wherein the upper bracket element comprises a front plate (A), a back bracket (B) and a plurality of connecting bolts (C); wherein the front plate is attached to a right front wing (D) having a plurality of right wing slots (E); wherein the front plate is attached to a left front wing (F) having a plurality of left wing slots (G); wherein the right and left front wings extend horizontally away from the front surface of the front plate as shown in the following:



V-Notch Bracket
(Can be reversed for
attachment to angle members.)

Detail A
(Tower Leg Attachment)

16.     The exemplary Accused Product comprises a straight slot weldment (H), wherein the straight slot weldment comprises a right side wall (I) and a left side wall (J) and an adjusting bolt guide (K); wherein the right and left side walls further comprise a plurality of right wall slots (L) and left wall slots (M); further wherein the straight slot weldment is attached to the left front wing and the right front wing.



Detail A
(Tower Leg Attachment)

17. The exemplary Accused Product comprises a plurality of adjusting bolts (N), wherein at least one adjusting bolt extends through a left wing slot, one of the left wall slots, one of the right wall slots, and a right wing slot, as shown above.

18. The exemplary Accused Product comprises a lower bracket element (which as shown in Exhibit 2 is identical to the upper bracket element), wherein the lower bracket element comprises a lower backing bracket (O) and a lower front plate (P) as shown in the following:



V-Notch Bracket
(Can be reversed for
attachment to angle members.)

Detail A
(Tower Leg Attachment)

19.    The exemplary Accused Product comprises a vertical wall section, wherein the vertical wall section comprises at least one lateral spanning element comprising a lateral spacing element (Q), a first securing weldment (R) and a second securing weldment (S); vertical supports (T), wherein the vertical supports are substantially orthogonal to the at least one lateral spanning element; and a plurality of cross spanning members (U), as shown in the following:



Side View

20.     Defendant's actions have been without the authorization, permission, or consent of Plaintiff.

**COUNT I**

**(Infringement of the '435 Patent)**

21.     Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs.

22.     The activities of Defendant in making, using, offering to sell, and/or selling in the United States and/or importing into the United States the Accused Product constitutes direct infringement of at least claim 1 of the '435 Patent, in violation of 35 U.S.C. § 271(a).

23. Defendant has knowledge of its infringement of the '435 Patent and thus their infringement of the '435 Patent has been knowing and intentional, at least as of the date of service of the complaint.

24. As a direct and proximate result of the infringement of the '435 Patent by Defendant, Plaintiff has been and continues to be damaged.

25. The infringement of the '435 Patent by Defendant has caused irreparable injury to Plaintiff, to which there exists no adequate remedy at law, and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

26. The infringement of the '435 Patent by Defendant has been, and is, willful, deliberate, and/or in conscious disregard of Plaintiff's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiff to an award of its attorney's fees and treble damages under 35 U.S.C. § 284.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Defendant has directly infringed the '435 Patent literally and/or under the Doctrine of Equivalents;

B. Declaring that Defendant's infringement of the '435 Patent is intentional;

C. Awarding Plaintiff damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiff for Defendant's infringement of the '435 Patent and any continuing or future infringement thereof in an amount not less than a reasonable royalty;

8

D.     Awarding Plaintiff pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. § 284;

E.     Awarding Plaintiff treble damages in accordance with 35 U.S.C. § 284, and Plaintiff's attorneys' fees incurred in this litigation pursuant to 35 U.S.C. § 285;

F.     Temporarily, preliminarily, and permanently enjoining Defendant, its affiliates, subsidiaries, and each of their members, officers, agents, servants, and employees, and those acting in privity or concert with any of them, until after the expiration date of the '435 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled, from: (a) making, using, offering to sell, or selling in the United States, or importing into the United States, the Accused Product or any colorable imitation thereof; (b) making, using, offering to sell, or selling in the United States, or importing into the United States, any component of the Accused Product that constitutes a material part of the inventions claimed by the '435 Patent; (c) making, using, offering to sell, or selling in the United States, or importing into the United States, or any other device that infringes the '435 Patent; and (d) practicing or encouraging others to practice any method that infringes the '435 Patent; and

G.     Awarding such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of March 2026.

POLSINELLI P.C.

*/s/ Mozianio S. Reliford, III*
Mozianio S. Reliford, III, (Tenn. Bar. No. #36170)
501 Commerce Street, Suite 1300
Nashville, TN 37203
Tel: (615) 259-1510
Email: treliford@polsinelli.com

OF COUNSEL:

John R. Posthumus *(Pro Hac Vice Forthcoming)*
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Tel: (303) 572-9300
Email: jposthumus@polsinelli.com

Shawn P. Gannon *(Pro Hac Vice Forthcoming)*
POLSINELLI PC
1201 W. Peachtree St. NW, Suite 1100
Atlanta, GA 30309
Tel: (404) 253-6000
Email: sgannon@polsinelli.com

**Plaintiffs Address:**
15000 Valmont Plaza
Omaha, NE 68154